In the Matter of the Final Accounting of WILLIAM E. SCOTT
and ALEXANDER T. BROWN, as Assignees, etc., of WILLIAM
DRAKE. — LAURA C. ABER, Respondent, v. WILLIAM E.
SCOTT and ALEXANDER T. BROWN, as Assignees, and THE
NATIONAL BANK OF PORT JERVIS, Appellants.

1. GENERAL ASSIGNMENT — WAGES AND SALARIES — PREFERENCE.
The preference granted by the amendment of 1886 (Chap. 283) of the
General Assignment Act (Laws of 1877, chap. 466), includes wages and
salaries actually owing to former employees of the assignor at the time
of the execution of the assignment, and is not limited to the wages and
salaries of those in his employ at that time.

2. STATUTE NOT RETROACTIVE. The amendment of 1886 (Chap. 283)
of the General Assignment Act is not retroactive, and creates no prefer-
ence in favor of employees for wages earned before its passage.

3. PROMISSORY NOTE FOR WAGES. The preference granted to wages
of employees by the amendment of 1886 (Chap. 283) of the General
Assignment Act is not nullified by the fact that the assignor had given the
employee a promissory note for the amount of his wages.

*In re Scott* (89 Hun, 93), modified.

(Argued February 17, 1896; decided February 25, 1896.)

APPEAL by the assignees and by the National Bank of Port
Jervis, as a creditor, from an order of the General Term of
the Supreme Court in the second judicial department, made
July 26, 1895, reversing an order of the County Court of
Orange county denying the motion of Laura C. Aber to have
the final accounting of the assignees opened and her claim
against the assigned estate established and allowed as a pre-
ferred labor claim.

The facts, so far as material, are stated in the opinion.

*Lewis E. Carr* for appellants. The County Court order,
denying the motion of the respondent, was right, because the
claim of the respondent was not one entitled to preference
under the General Assignment Law. (Laws of 1877, chap.
466, § 29; Laws of 1886, chap. 283; *Donaldson* v. *Wood*, 22

Wend. 395; *Pillow* v. *Bushnell*, 5 Barb. 156; *White* v. *Wager*, 32 Barb. 250; *People ex rel.* v. *Spicer*, 99 N. Y. 225; *People ex rel.* v. *Supervisors of Greene*, 13 Abb. [N. C.] 421; *In re O'Neil*, 91 N. Y. 516; *Jackson* v. *Lewis*, 17 Johns. 475; *McCluskey* v. *Cromwell*, 11 N. Y. 593; *People ex rel.* v. *Gaul*, 44 Barb. 98; *People ex rel.* v. *Matsell*, 94 N. Y. 179, 183; *People* v. *McGloin*, 91 N. Y. 241, 250; Laws of 1887, chap. 503; *People* v. *Remington*, 45 Hun, 329.) The order of the County Court was right, because the claimant waived any right to a preference under this statute, by making her claim on the note when she was called upon to present it. (*Mills* v. *Parkhurst*, 126 N. Y. 89; *Woodin* v. *Bagley*, 13 Wend. 453; *Munson* v. *Howell*, 12 Abb. Pr. 77; *Roe* v. *Boyle*, 81 N. Y. 305; *Bach* v. *Tuch*, 126 N. Y. 53; *Steinbach* v. *R. F. Ins. Co.*, 77 N. Y. 498; *Iselin* v. *Henlein*, 16 Abb. [N. C.] 73; *In re Heath*, 46 Hun, 114; *Gibson* v. *Tobey*, 46 N. Y. 637; *Burdick* v. *Green*, 15 Johns. 247; *Walrod* v. *Shuler*, 2 N. Y. 134; *Huntley* v. *Beecher*, 30 Barb. 580; *Carpentier* v. *Minturn*, 65 Barb. 293.) The order appealed from was erroneous, because all the parties interested in the estate, and who had a right to be heard, were not before the court. (Laws of 1877, chap. 466.)

*John W. Lyon* for respondent. The appeal should be dismissed, because none of the appellants are in a position to appeal. (*Hall* v. *Brooks*, 89 N. Y. 33; Code Civ. Pro. § 1294.) Upon the undisputed facts as to the claim of respondent being one for labor and services rendered the assignor, the order of the General Term reversing the order of the County Court and granting the application was proper. (Laws of 1886, chap. 283.) The fact that a note was given respondent by the assignor is entirely immaterial and in no way defeats her right as a preferred creditor. (*In re Heath*, 46 Hun, 114.) It was the right of this claimant to renounce or surrender her note at any time before actual distribution, and base her claim on the unpaid debt for the services rendered. (46 Hun, 118; *Johnson* v. *Frew*, 33 Hun, 193; *E.*

*C. F. Co.* v. *Hersee,* 103 N. Y. 25 ; *Hays* v. *Midas,* 104 N. Y. 602 ; *Mills* v. *Parkhurst,* 126 N. Y. 89.) Unless the order of the General Term is affirmed, the spirit of the law and the intent of the legislature with reference to the General Assignment Act, as amended by Laws of 1886, will be defeated. (Laws of 1885, chap. 376 ; Code Civ. Pro. § 1391 ; *Riley* v. *Warden,* 2 Exch. 59 ; *S. & N. A. R. R. Co.* v. *Falkner,* 49 Ala. 115 : *Sharman* v. *Sanders,* 13 C. B. 166.)

HAIGHT, J. The question raised upon this appeal calls for a construction of chapter 283 of the Laws of 1886, which is as follows : " In all distributions of assets under all assign-ments, made in pursuance of this act, the wages or salaries actually owing to the employees of the assignor or assignors, at the time of the execution of the assignment, shall be pre-ferred before any other debt, and should the assets of the assignor or assignors not be sufficient to pay in full all the claims preferred, pursuant to this section, they shall be applied to the payment of the same *pro rata* to the amount of each such claim."

It is contended on behalf of the appellants that the wages or salaries preferred under the provisions of this act, are those only of employees who are actually in the employ of the assignor at the time of his executing the assignment. We are unable to adopt this view. It would practically nullify the provisions of the act. The assignor by discharging his employees the day before the execution of the assignment could evade its provisions. The language of the act does not require such a construction. It is the "*wages* or *salaries* actually *owing* to the employees of the assignor or assignors, at the time of the execution of the assignment," that are pre-ferred, and the preference is not limited to the wages and salaries of those *in* the employ of the assignor at the time of the assignment. This, we think, is the fair reading and mean-ing of the provision. Our views upon this construction are in accord with those of the General Term in the fifth depart-ment. (*In the Matter of Heath,* 46 Hun, 114.)

The question here presented was not involved in or considered in the case of *People* v. *Remington* (45 Hun, 329), affirmed in this court (109 N. Y. 631). The principal questions there considered pertained to claims that had been assigned and transferred to third parties, and to the class of employees included in the provisions of the act there under consideration.

There is, however, one question which we think the General Term has overlooked, and that is that the act was not intended to be retroactive, and to create a preference in favor of employees for wages earned prior to its passage. This question was considered in the case of *People* v. *Remington* (*supra*), with reference to the act creating a preference of the wages of employees, etc., in corporations where a receiver had been appointed. It was held that that act was not retroactive, and as we have seen the views there expressed have been approved by this court. That act and the one we now have under review, so far as this question is concerned, are similar and the same construction should be given to each.

It appears from the moving papers that Laura C. Aber had been in the employ of the assignor for many years as a domestic in his hotel at the town of Deerpark, and on the 27th day of March, 1890, he was indebted to her for such services in the sum of $1,400, for which he gave her his promissory note, payable one year after date. It does not appear how much of this sum was earned by her before the passage of the act. Her reference, however, to " many years " would seem to indicate that some portion thereof had been earned before its passage, which was only about four years before the giving of the note. The note was evidence of the debt owing to her. It did not necessarily operate as a payment or change the character of her claim.

That portion of the General Term order granting the motion of Laura C. Aber should be modified so as to remit the proceedings to the County Court of Orange county, with instructions to allow and prefer so much of her claim as shall be made to appear was for services rendered after the passage

of the act in question, and as so modified the order should be affirmed, with costs.

Andrews, Ch. J., Gray and O'Brien, JJ., concur; Bartlett, J., dissents generally, and Martin and Vann, JJ., upon the ground that when accumulated sums, due as "wages" are virtually loaned by the employee to the employer and put in a promissory note, bearing interest, they lose their character as "wages," within the true meaning of the statute, and become an investment.

Ordered accordingly.