The defendant admitted that her premises were used for that purpose on two different occasions. This made her liable to the penalty provided in section 124 of the same law. The liability, as I read the statute, does not depend upon knowledge.

It may be conceded that the statute is harsh and drastic, but that was a matter for the consideration of the Legislature when it was passed. The Tenement House Law was·passed after a full report had been made to the Legislature by a Tenement House Commission appointed under chapter 279 of the Laws of 1900. A perusal of its report, of which the court can take judicial notice (Tenement House Department v. Moeschen, 179 N. Y. 325, 72 N. E. 231, 70 L. R. A. 704, 103 Am. St. Rep. 910, 1 Ann. Cas. 439), will show why the statute under consideration was passed. A recovery of the penalty under the statute does not depend upon proof of knowledge on the part of the owner of premises, but simply the use to which the premises were put; in other words, the owner of premises must see to it that the same are not used for the purposes of prostitution, and, if they are, then he at once becomes liable to pay the penalty prescribed, irrespective of his knowledge of that fact.

There are numerous instances where persons have been convicted of a criminal offense without proof of a criminal intent or even knowledge that the act was committed. People v. Werner, 174 N. Y. 132, 66 N. E. 667; People v. West, 106 N. Y. 293, 12 N. E. 610, 60 Am. Rep. 452; People v. D'Antonio, 150 App. Div. 109, 134 N. Y. Supp. 657; Commonwealth v. Kelley, 140 Mass. 441, 5 N. E. 834; People v. Roby, 52 Mich. 577, 18 N. W. 365, 50 Am. Rep. 270.

I think the determination of the Appellate Term and the judgment of the Municipal Court should be reversed, and, as there is no dispute of fact, judgment should be ordered for the plaintiff for the amount of the penalty.

DOWLING, J., concurs.

———————

STRAUSS v. MORRISON.  (No. 6593.)

(Supreme Court, Appellate Division, First Department. December 18, 1914.)

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 308*)—STATUTORY PREFERENCES—DEBTS DUE EMPLOYÉS—"ACTUALLY OWING."

Where an employer agreed to pay an employé a specified weekly salary, and as an additional bonus and compensation to execute notes in a specified sum at the end of each month, payable from two to eight months thereafter, the amount evidenced by notes executed prior to the employer's assignment for the benefit of creditors, though not presently payable, was "actually owing," within Debtor and Creditor Law (Consol. Laws, c. 12) § 27, as renumbered and amended by Laws 1914, c. 360, § 22, providing, relative to assignments for the benefit of creditors, that the wages or salaries actually owing to employés of the assignor at the time of the execution of the assignment for services rendered within three months prior to the execution of the assignment, not exceeding $300 to each employé, shall be preferred before any other debt.

as by a fair construction of the contract the date of actual payment was merely postponed.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 900–902; Dec. Dig. § 308.

For other definitions, see Words and Phrases, Actually Owing.]

2. ASSIGNMENTS FOR BENEFIT OF CREDITORS (§ 308*)—STATUTORY PREFERENCES—DEBTS DUE EMPLOYÉS.

Under Debtor and Creditor Law, § 27, as renumbered and amended by Laws 1914, c. 360, § 22, an employé of an assignor, which made an assignment for the benefit of creditors on July 2, 1914, could not be preferred for more than $300, nor for services not rendered within three months, as the statute in force at the time of making the assignment controls the disposition of the assets.

[Ed. Note.—For other cases, see Assignments for Benefit of Creditors, Cent. Dig. §§ 900–902; Dec. Dig. § 308.*]

Appeal from Special Term, New York County.

Claim of Louis Strauss against Isidore D. Morrison, as assignee for the benefit of creditors of the Martin Knitting Works. From an order requiring the assignee to schedule the petitioner as a preferred creditor, the assignee appeals. Modified.

Argued before CLARKE, McLAUGHLIN, LAUGHLIN, SCOTT, and HOTCHKISS, JJ.

Jacob R. Schiff, of New York City, for appellant.
Abraham Miles, of Brooklyn, for respondent.

SCOTT, J. [1] On July 2, 1914, Harris I. Phillips, doing business under the name of Martin Knitting Works, made an assignment for the benefit of creditors to Isidore D. Morrison, who is the appellant here. The petitioner had been in the employ of the assignor for some time under a written contract providing that he should be paid a salary of $30 per week and that—

"as additional bonus and compensation for the services of the party of the second part, the party of the first part agrees to execute and deliver to the party of the second part his promissory notes in the sum of $100.00 at the end of each and every month during the term of this agreement herein, which promissory notes shall be due as follows: Notes given on April 1st, May 1st, and June 1st shall be due and payable on December 1st, and the notes that will be executed and delivered on the 1st days of July, August, and September shall be due and payable on January 1, 1915, and the notes that will be executed and delivered on the 1st days of October, November, and December and the 31st of December, 1914, shall be due and payable on the 1st of February, 1915."

At the date of the assignment the assignor owed the petitioner $65 on account of unpaid weekly salary, and petitioner also held three promissory notes for $100 each, dated on the 1st days of April, May, and June respectively, and all payable on December 1, 1914. Apparently no notes had been executed on July 1, 1914, the day preceding the assignment. If a note had been so executed, it would have been made payable, according to the terms of the contract of employment, on January 1, 1915.

[2] The statutory provision for the preference of employés of an assignor, which was in force at the time of the making of the assignment involved in this case, reads as follows:

"In all distribution of assets under all assignments made in pursuance of this statute the wages or salaries actually owing to the employés of the assignor or assignors, at the time of the execution of the assignment for services rendered within three months prior to the execution of the assignment, not exceeding $300 to each employé, shall be preferred before any other debt. * * * " Section 22, Debtor and Creditor Law, formerly section 27, renumbered and amended by Laws 1914, c. 360.

The statute in force at the time of making the assignment controls the disposition of the assets (Matter of Scott, 148 N. Y. 588, 42 N. E. 1079), and consequently the petitioner cannot be preferred under any circumstances for more than $300, and then only if that sum was actually owing for services rendered within three months. As to the $95 due on account of weekly salary, petitioner is clearly entitled to a preference. Some question has been made as to whether under the terms of the contract the monthly bonuses of $100 each should be considered as "actually owing." We are of opinion that the fair construction of the contract is that the employer agreed to pay a bonus of $100 per month, postponing the date of actual payment to convenient dates. The sums represented by the notes were therefore actually owing, although not presently payable. This construction seems to be in accord with the opinion of the Court of Appeals in Matter of Scott, supra.

The order appealed from must therefore be modified, by limiting the amount for which petitioner is to be scheduled as a preferred creditor to $300, and increasing the amount for which he is to be scheduled as a general creditor to $449, without costs to either party. All concur.